FILED

APR 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELISSA J. EARLL, | No. 13-15134 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00262-EJD |
| v. | |
| EBAY, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted March 13, 2015
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Earll appeals the district court's dismissal of her Americans with Disabilities

Act (ADA) claim, 42 U.S.C. §§ 12181–12189, her California Disabled Persons Act

claim, Cal. Civ. Code §§ 54, 54.1(a), and her Unruh Civil Rights Act claim, Cal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Civ. Code §§ 51–52. We have jurisdiction under 28 U.S.C. § 1291. We affirm the dismissal of all three claims.

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). We have previously interpreted the term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). Because eBay's services are not connected to any "actual, physical place[]," eBay is not subject to the ADA. *See id.* Therefore, in light of *Weyer*, Earll's ADA claim fails as a matter of law. *See id.*

The Disabled Persons Act guarantees that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1). California courts have construed section 54.1 as a means of enforcing separate,

applicable accessibility standards, including ADA standards. *See Coronado v. Cobblestone Vill. Cmty. Rentals*, 77 Cal. Rptr. 3d 883, 893–94 (Ct. App. 2008) (citing *Marsh v. Edwards*, 134 Cal. Rptr. 844, 892 (Ct. App. 1976)), *overruled on other grounds by Munson v. Del Taco, Inc.*, 208 P.3d 623, 678 (Cal. 2009).[1] Because the ADA does not apply to the eBay services at issue here, Earll failed to allege violation of any separate, applicable accessibility standard. On this basis, Earll's Disabled Persons Act claim fails as a matter of law.

The Unruh Civil Rights Act provides that "[a]ll persons . . . are free and equal, and . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "[T]o establish a violation of the Unruh Act independent of a claim under the [ADA], [a plaintiff] must 'plead and prove intentional discrimination.'" *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (quoting *Munson*, 208 P.3d at 627). eBay's aural identification system applies to all eBay users, whether hearing-impaired or not. Its failure to provide a deaf-accessible alternative to its

---

[1] Although the Disabled Persons Act can be asserted as a freestanding claim if based on an allegedly discriminatory policy, *see Hankins v. El Torito Rests., Inc.*, 74 Cal. Rptr. 2d 684, 691–93 (Ct. App. 1998), Earll failed to assert this argument in her opening brief and therefore waived it. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994–95 (9th Cir. 2009).

aural identification system does not amount to willful, affirmative misconduct sufficient to constitute intentional discrimination under the Unruh Act. *See Koebke v. Bernardo Heights Country Club*, 115 P.3d 1212, 1228 (Cal. 2005). Because Earll has not alleged intentional discrimination, Earll's Unruh Act claim fails as a matter of law.

**AFFIRMED**.